Johnny **BRIDGES**, Plaintiff-Appellant,

v.

R. **RUSSELL**, Dep. Warden, SCC; L. Davis, Dep. Warden, SCC Annex; State Investigator Copeland; George Bowen, Warden, SCC/SCC Annex, Defendants-Appellees.

No. 83–7622.

United States Court of Appeals,
Eleventh Circuit.

April 15, 1985.

Andrew J. Ekonomou, Kirby G. Atkinson, Atlanta, Ga., for plaintiff-appellant.

Thomas R. Allison, Asst. Atty. Gen., R. David Christy, Montgomery, Ala., for defendants-appellees.

Before KRAVITCH and JOHNSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

JOHNSON, Circuit Judge:

Appellant, a state prisoner confined in Alabama's Staton Correctional Facility Annex, brought this action pro se under 42 U.S.C.A. § 1983. He alleged in part[1] that the appellees, who are prison officials, transferred him to Staton Annex in retaliation for exercise of his rights under the First Amendment to the Constitution of the United States. The district court dismissed the complaint prior to service on the appellees, holding that the appellant had not shown any liberty interest, created by state law, in remaining at the former facility. Because a deprivation of rights guaranteed by the First Amendment can occur regardless of whatever interests a prisoner may have under state law, we reverse.

The district court based its decision on a passage from the Supreme Court's opinion in *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976). The passage states:

> [N]o Due Process Clause liberty interest of a duly convicted prison inmate is infringed when he is transferred from one prison to another within the State, whether with or without a hearing, absent some right or justifiable expectation rooted in state law that he will not be transferred except for misbehavior or upon the occurrence of other specified events.

*Id.* at 242, 96 S.Ct. at 2547. This passage, however, applied only to the inmate's claim in *Haymes* that he had been transferred without a hearing and thus denied procedural due process. The inmate had also proffered the substantive claim that the transfer violated his First Amendment rights. As evidenced by the dissenting opinion in *Haymes* and the subsequent history of the case, the latter claim remained viable until the critical issues of fact had been decided after a hearing in district court. *Id.* at 244–45, 96 S.Ct. at 2548; *Haymes v. Montanye*, 547 F.2d 188, 189 (2d Cir.1976), *cert. denied*, 431 U.S. 967, 97 S.Ct. 2925, 53 L.Ed.2d 1063 (1977). Other circuits have reached similar rulings, *see McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir.1979); *Garland v. Polley*, 594 F.2d 1220, 1222–24 (8th Cir.1979); *Buise v. Hudkins*, 584 F.2d 223, 229–30 (7th Cir.1978), *cert. denied*, 440 U.S. 916, 99 S.Ct. 1234, 59 L.Ed.2d 466 (1979), and on this issue of first impression in our Circuit we agree. *Cf. Hooks v. Kelley*, 463 F.2d 1210 (5th Cir.1972) (reversing district court's dismissal of prisoner's complaint which alleged that the prisoner was transferred because

---

1. The appellant also alleged that the living conditions at Staton Annex were unconstitutional under the Eighth Amendment. The district court dismissed this claim without prejudice because the issue had already been litigated in *Pugh v. Locke*, 406 F.Supp. 318 (M.D.Ala.1976), *aff'd in part sub nom., Newman v. Alabama*, 559 F.2d 283 (5th Cir.1977), *aff'd in part sub nom., Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 114 (1978), and the appellant's interests were being represented by a class in litigation then pending before the court, *see Newman v. Alabama*, 466 F.Supp. 628 (M.D.Ala.1979). We need not address the propriety of this ruling, since our disposition of the appeal rests on other grounds. We note, however, that on remand the district court's ruling should be examined to ensure that it comports with this Circuit's decisions in *Herron v. Beck*, 693 F.2d 125 (11th Cir.1982); *Bogard v. Cook*, 586 F.2d 399, 408–09 (5th Cir.1978), *cert. denied*, 444 U.S. 883, 100 S.Ct. 173, 62 L.Ed.2d 113 (1979); and *Jordan v. Jones*, 563 F.2d 148 (5th Cir.1977).

of his persistent use of the courts to attack his convictions and protest prison conditions). *See also Laaman v. Perrin,* 435 F.Supp. 319 (D.N.H.1977).

Critical issues of fact remain to be decided in this case. The appellant has alleged that he was transferred because: (1) he filed a grievance against his work supervisor alleging racial discrimination in the assignment of work tasks; (2) he actively encouraged other inmates to protest this treatment by signing a petition; and (3) he prepared, upon request, a similar grievance for another prisoner to sign. Yet, a letter the appellant received from one of the appellees explained that he was transferred not because he had filed a grievance in his own behalf, but because he had *falsely* filed a petition in the name of another inmate. The appellant contests the truth of this allegation.

■ Our ruling in no way expresses a view as to the proper resolution of these factual issues. Nor do we decide the legal question of whether the First Amendment encompasses the appellant's asserted right to assist other inmates in filing grievances. We simply hold, based on our review of the record, that it does not appear "beyond doubt" that the appellant can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957). This standard not having been met, it was error to dismiss the appellant's complaint.

The order of the district court is REVERSED, and the cause is REMANDED for further proceedings consistent with this opinion.