893 F.2d 1334
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Lee BOLES, Jr., Plaintiff-Appellant,
v.
William SCHNARRS; V. Sisson; Elton Scott; Robert Brown,
Defendants-Appellees.
 No. 89-1405.
 United States Court of Appeals, Sixth Circuit.
 Jan. 19, 1990.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Robert Lee Boles, Jr., a pro se Michigan prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory and injunctive relief, Boles sued the defendant prison officials in their official and individual capacities raising seventeen claims alleging violations of his first, eighth and fourteenth amendment rights. Boles's claims can be divided into four categories: 1) the conditions of confinement at the Jackson Temporary Facility amounted to cruel and unusual punishment because the prison was unsafe and unsanitary; 2) his first amendment rights were violated because his work assignments interfered with his performing adequate legal research; 3) his first amendment rights were violated when defendant Schnarrs refused to mail his legal mail without first inspecting it for contraband; and 4) he was transferred in retaliation for his activities as a jailhouse lawyer and for the assertion of his constitutional rights.
 
 
 3
 After both parties had filed motions for summary judgment, the magistrate recommended that defendants' motion for summary judgment be granted in part and denied in part. Specifically, the magistrate found that no genuine issue of fact remained as to the eighth amendment claim because the conditions complained of neither shocked the conscience nor did it amount to deliberate indifference on the part of the prison officials. The magistrate also found no merit to Boles's allegation that he had been denied meaningful access to the courts because during the two month period in question Boles had averaged 2.25 hours a day, five days a week in the prison library. Regarding the third claim, the magistrate found that Schnarrs was justified in not sending Boles's legal mail because Boles would not allow him to search the contents for contraband. The magistrate denied the motion as to the retaliatory transfer claim however finding there was a genuine issue of fact regarding why Boles was transferred. After both parties had filed objections, the district court accepted the magistrate's recommendation that defendant's motion for summary judgment be granted in part. The court however rejected that portion of the report that recommended denial of summary judgment on the retaliatory transfer claim; the court found that plaintiff's transfers were based on legitimate penological reasons.
 
 
 4
 On appeal, Boles reasserts his claims and additionally argues: 1) that the district court erred in granting defendants' motion for summary judgment before first ruling on his request for another attorney; 2) the court erred in ruling on the motion for summary judgment before discovery was complete; 3) the district court did not make a de novo review of his objections to the magistrate's report; and 4) the court erred in disregarding its scheduling order by allowing the defendants to file their motion for summary judgment after the effective cut-off date and by granting the motion without complying with the advance notice and response provisions of Fed.R.Civ.P. 56(c).
 
 
 5
 Upon review, we affirm the judgment as to issues one and two, but vacate the judgment in part and remand the case for further proceedings as to issues three and four because genuine issues of fact remain regarding those issues.
 
 
 6
 Regarding issue one, the eighth amendment claim was properly dismissed. In their motion for summary judgment, defendants submitted the affidavit of Jerry Kennedy, safety director at the facility formerly known as the Jackson Temporary Facility. Kennedy rebutted each of Boles's allegations and stated that Jackson met or exceeded all applicable safety codes. Boles did not oppose the Kennedy affidavit, but instead stated that he needed an attorney to further investigate the claim. Boles has no right to discovery in order to oppose a motion for summary judgment. Emmons v. McLaughlin, 874 F.2d 351, 356 (6th Cir.1989). Furthermore, we conclude that Boles failed to raise a jury question as to whether the defendants recklessly allowed prison conditions to fall below evolving standards of decency. See Rhodes v. Chapman, 452 U.S. 337, 346 (1981); Birrell v. Brown, 867 F.2d 956, 958 (6th Cir.1989).
 
 
 7
 Nor did Boles raise a jury question regarding his access to courts claim. Boles alleged that his job assignments prevented him from performing adequate legal research. Defendants countered this allegation by submitting evidence that Boles used the prison law library on an average of 2.25 hours a day, five days a week from March 2, 1987, through April 30, 1987. Boles did not refute this evidence, but rather stated that the job classification system was inadequate. We conclude that Boles was not denied access to the courts as he was provided access to a law library. See Bounds v. Smith, 430 U.S. 817, 828 (1977).
 
 
 8
 Regarding issue three, Boles alleged that defendant Schnarrs violated his first amendment rights by refusing to send his legal mail out without first inspecting it for contraband. Under Michigan Administrative Rules 791.6603(6) and 791.6615(2), clearly identified legal mail from an inmate to his attorney or the courts is a confidential communication that may not be opened or inspected by prison officials. Thus, there does exist an issue of material fact of whether Boles's mail was clearly identified as legal mail, and if so, whether Schnarrs's refusal to follow the administrative rules was reasonably related to a legitimate penological concern. See Turner v. Safley, 482 U.S. 78, 89 (1987).
 
 
 9
 Regarding issue four, Boles alleged that he was transferred in retaliation for his activities as a jailhouse lawyer. The defendants alleged that Boles was transferred because they needed his bed space. Although inmates have no constitutional right to be incarcerated in any particular institution, see Olim v. Wakinekona, 461 U.S. 238, 245 (1983), the inmate may however state a claim under Sec. 1983 if the decision to transfer him was made by reason of his exercise of constitutionally protected first amendment freedoms. See McDonald v. Hall, 610 F.2d 16, 18 (1st Cir.1979). In this case, there does exist a genuine issue of fact as to why Boles was transferred. Boles alleged that he was transferred in retaliation for the exercise of his first amendment rights. Boles supported this allegation by outlining the chronology of events leading up to his transfer whereby retaliation could be inferred. See Murphy v. Lane, 833 F.2d 106, 108-09 (7th Cir.1987) (per curiam). Boles further alleged that he had filed grievances against several of the defendants shortly before he was transferred and that defendant Schnarrs told him he would be transferred before the grievance could be processed. Also, it is noted that since this lawsuit was filed, Boles has been transferred nine times in little over a one year period of time. Based on the foregoing, we conclude there are additional disputed issues of material fact which need to be resolved. This is particularly true given that claims involving proof of the defendants' intent seldom lend themselves to summary disposition. See, e.g., Bridges v. Russell, 757 F.2d 1155 (11th Cir.1985).
 
 
 10
 Finally, it is noted that to the extent the defendants were sued for money damages in their official capacities, the complaint was properly dismissed as the defendants are not state actors for Sec. 1983 purposes. See Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2312 (1989).
 
 
 11
 Accordingly, the district court's judgment is hereby affirmed in part pursuant to Rule 9(b)(5), and is hereby vacated and the case remanded in part pursuant to Rule 9(b)(6), Rules of the Sixth Circuit.