[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**July 25, 2005**
**THOMAS  K. KAHN**
**CLERK**

No. 04-16149
Non-Argument Calendar

D.C. Docket No. 03-00685-CV-N

ELMORE NICHOLS, JR., individually and on behalf
of all others similarly situated,

Plaintiff-Appellant,

versus

BOB RILEY, Governor of the State of Alabama, in
his individual and official capacity,
DONAL CAMPBELL, Commissioner of the Alabama
Prison System, in his individual and official capacity, et al.,

Defendants-Appellees.

Appeal from the United States District Court for the
Middle District of Alabama

**(July 25, 2005)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Elmore Nichols, Jr., an Alabama state prisoner proceeding *pro se*, appeals the district court's grant of summary judgment to the defendants in his 42 U.S.C. § 1983 action. Nichols challenges the district court's findings with respect to his claims that: (1) the conditions of confinement at the Draper Correctional Center ("DCC") violated his rights under the Eighth Amendment; and (2) defendant James DeLoach, warden of DCC, transferred him to G.K. Fountain Correctional Center ("FCC") in retaliation for filing his § 1983 complaint. We review a district court's grant of summary judgment *de novo*, and apply the same legal standards as the district court. *Butts v. County of Volusia*, 222 F.3d 891, 892 (11th Cir. 2000).

## A. Eighth Amendment Claim

The Eighth Amendment, applicable to the states through the Fourteenth Amendment, forbids cruel and unusual punishments. U.S. Const. amend. VIII. This protection extends to the conditions of a prisoner's confinement, which must conform to contemporary standards of decency. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399 (1981). The Eighth Amendment also protects against future harm to prison inmates. *Helling v. McKinney*, 509 U.S. 25, 33-34, 113 S. Ct. 2475, 2480-81 (1993). An inmate may be granted injunctive or declaratory relief even in the absence of proof that he actually has been injured by the dangerous condition. *See id.*

The district court erred by finding that Nichols lacked standing because he failed to demonstrate that he had suffered an actual, physical injury. The conditions of confinement, if found to be inhumane, constituted a deprivation of Nichols's rights under the Eighth Amendment, and, assuming that the other two requirements of standing were met, entitled him to seek injunctive relief. *See id.*

Prison officials violate the Eighth Amendment through "the unnecessary and wanton infliction of pain." *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S. Ct. 1970, 1978 (1974). Wantonness has been defined as "deliberate indifference to a substantial risk of serious harm to a prisoner." *Id.* To establish an Eighth Amendment violation, a prisoner must prove both an objective and a subjective component. *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004). "Under the objective component, a prisoner must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment." *Id.* Under the subjective component, the prisoner must prove that the prison official acted with 'deliberate indifference.'" *Id.*

Assuming, without deciding, that Nichols offered sufficient evidence to allow a reasonable factfinder to conclude that the conditions of confinement at DCC were inhumane, we nonetheless conclude that summary judgment in favor of DeLoach was proper. Because the undisputed evidence demonstrated that the

3

ADC was making a reasonable effort to correct the alleged inhumane conditions of confinement at DCC, a reasonable factfinder could not have concluded that DeLoach acted with deliberate indifference. *See Hale v. Tallapoosa*, 50 F.3d 1579, 1583 (11th Cir. 1995). Accordingly, we affirm the district court's grant of summary judgment on Nichols's Eighth Amendment claim.

## B. Retaliatory-Transfer Claim

While an inmate does not have a constitutionally protected liberty interest against being transferred to a less agreeable prison, *Moody v. Daggett*, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 279 n.9 (1976), prison officials may not transfer, or otherwise punish, an inmate in retaliation for exercising his right to file grievances against prison officials, *see Bridges v. Russell*, 757 F.2d 1155, 1157 (11th Cir. 1985). Such retaliatory transfers violate an inmate's First Amendment rights and his right of access to the courts. *See Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989).

We find that the district court erred by concluding that DeLoach had not violated Nichols's rights by transferring him to FCC, without specifically addressing the actual reasons for the transfer. If Nichols was transferred solely for filing his § 1983 complaint against prison officials, then his constitutional rights were violated and he was entitled to relief. *See id.*

4

In an affidavit, DeLoach stated that Nichols was transferred because he was found to be in possession of a copy of the ADC's Administrative Regulations and Institutional Standard Operating Procedures – a violation of prison regulations. That may be true, but Nichols states in his own affidavit that he was not transferred for disciplinary reasons, but rather, solely because he had filed his § 1983 complaint. Without more to evaluate, Nichols's affidavit suffices to create a genuine factual dispute as to the actual reason for his transfer. Therefore, summary judgment was improper. Accordingly, we vacate the grant of summary judgment in favor of DeLoach on Nichols's retaliatory-transfer claim, and remand to the district court for further proceedings.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**