[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 10, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16230
Non-Argument Calendar

_____

D. C. Docket No. 07-00045-CV-6

DANNY WILLIAMS,

Plaintiff-Appellant,

versus

BILLY BROWN,
Jointly and Severally; Individual and
Official Capacities,
WAYNE JOHNSON,
Jointly and Severally; Individual and
Official Capacities,
BILLY TOMPKINS,
Jointly and Serverally; Individual and
Official Capacities,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(September 10, 2009)

Before BIRCH, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Danny Williams, proceeding *pro se*, appeals the district court's dismissal with prejudice of his 42 U.S.C. § 1983 inmate civil rights case. After a magistrate judge screened the complaint, the district court dismissed all of Williams's claims on the merits save his claim for retaliatory transfer. Thereafter, the district court dismissed the remaining claim as a sanction pursuant to 28 U.S.C. § 1915(e).

Based upon a review of the record, we conclude that the district court's dismissal of Williams's retaliatory transfer claim with prejudice as "malicious" pursuant to § 1915(e) was too harsh a sanction. We affirm the dismissal of all other claims except retaliatory transfer against Appellee Billy Brown *only*. While we agree with the district court's dismissal of Williams's compensatory and punitive damages claims because he failed to allege the requisite physical injury under 28 U.S.C. § 1997e(e), the district court did not fully consider whether Williams's *pro se* complaint should be liberally construed to request nominal damages. Accordingly, except as affirmed herein, we vacate the district court's judgment and remand solely as to Appellee Brown.

I.

A detailed recitation of the factual and procedural background is necessary

2

here.

On July 17, 2007, Williams, an inmate in a Georgia state prison, filed an action pursuant to 42 U.S.C. § 1983 against Deputy Warden Billy Brown, Deputy Warden Wayne Johnson, and Warden Billy Tompkins, alleging violations of his constitutional rights as well as various state law claims. In particular, Williams alleged (1) retaliatory transfer, (2) denial of access to the courts, (3) deliberate indifference to medical needs, (4) denial of due process, (5) libel under Georgia state law, and (6) slander under Georgia state law. In support of his retaliatory transfer claim, Williams alleged that in 1999, Brown opened his legal mail, and, after Williams filed a grievance against Brown, he was transferred to another prison. Williams was transferred back to Smith State Prison in 2004. On September 7, 2005, while an inmate at Smith State Prison, Williams submitted a grievance against the staff, primarily Brown, who Williams claimed forced him to "get rid of" his legal materials. On September 15, 2005, Counselor Angie Henry notified Brown of Williams's grievance. On September 19, 2005, Brown completed a witness statement. On September 22, 2005, Williams was transferred to Ware State Prison. Although Williams had previously requested and received approval for a positive transfer closer to his home, Williams's complaint alleged that "Brown, Johnson, and Tompkins subjected [Williams] to a retaliatory negative

3

transfer to a facility twice as far from [Williams's] family. . . ."

Before service upon the defendants, a magistrate judge screened the complaint. On October 24, 2007, the district court adopted the magistrate judge's Report and Recommendation, advising that Williams's claims for denial of access to the courts, deliberate indifference to medical needs, denial of due process, libel, and slander should be dismissed for failure to state a claim. *Williams v. Brown*, No. CV607-045, 2007 WL 3143714, at *1 (S.D. Ga. Oct. 24, 2007). That left only Williams's retaliatory transfer claim.

On December 7, 2007, the defendants filed a motion to dismiss, in which they argued, *inter alia*, that the district court should dismiss Williams's complaint as "malicious" because he abused the judicial process by not disclosing all his previously filed lawsuits.[1] Specifically, the defendants maintained that Williams failed to disclose the following: (1) *Williams v. Wetherington*, CA 1:02-cv-0126-WLS (M.D. Ga), a civil lawsuit that the district court dismissed for Williams's failure to exhaust administrative remedies and that we dismissed as frivolous on appeal; (2) *Williams v. Upton*, CA 1:202-cv-00177 (S.D. Ga.), a habeas petition

[1] Upon the filing of a civil rights complaint in the United States District Court for the Southern District of Georgia, a prisoner must complete a form entitled, "Form To Be Used By Prisoners In Filing A Complaint Under The Civil Rights Act, 42 U.S.C. § 1983, in the United States District Court for the Southern District of Georgia." The question at issue asks the following: "As to any lawsuit filed in federal court where you were allowed to proceed *in forma pauperis*, was any suit dismissed on the ground that it was frivolous, malicious or failed to state a claim?" Under penalty of perjury, Williams answered no.

4

dismissed as untimely; (3) *Williams v. Battle*, CA 5:04-cv-00194 (M.D. Ga.), a habeas petition voluntarily dismissed by Williams; (4) *Williams v. Donald* (originally filed as *Williams v. Chatman*), CA 5:01-cv-00292-HL (M.D. Ga), a civil lawsuit dismissed, in part, by the district court as frivolous on March 7, 2002.[2] The defendants conceded, however, that neither *Battle*, *Upton*, nor *Donald* constitute a strike pursuant to 28 U.S.C. § 1915(g).[3] On February 1, 2008, the magistrate judge ordered Williams to show cause why his complaint should not be dismissed as a sanction for failure to disclose all prior cases and frivolity dismissals on the prisoner civil complaint form. Specifically, the magistrate judge referenced only two cases, *Donald* (originally *Chatman*) and *Wetherington*.[4] In response, Williams asserted that he truthfully responded to the questions on the civil complaint form to the best of his ability. He argued that, at the time he filed

---

[2] Williams alleged 8 claims against 15 named defendants. On appeal, we affirmed the district court's ruling as to six of the eight claims, but reversed and remanded the case as to parts of two claims. *See Williams v. Chatman*, No. 02-11850, 104 F. App'x 150 (11th Cir. Apr. 30, 2004) (per curiam). One claim, that plaintiff had been transferred in retaliation for filing grievances and federal complaints, was subsequently dismissed with prejudice by Williams. On remand, the district court granted the remaining defendants' motion for summary judgment.

[3] Section 1915(g) provides that no incarcerated prisoner shall bring a civil action or appeal a judgment in a civil action "if the prisoner has, on 3 or more prior occasions . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(g).

[4] While the magistrate judge referenced literally *Chatman* and *Donald* in the order, which appear to be the same case, the appellate number listed by the magistrate judge (No. 05-15803) refers actually to *Wetherington*.

5

his complaint, *Donald* was still pending and, although *Wetherington* was dismissed as frivolous on appeal, Williams stated that the complaint asked only about any "lawsuits" dismissed as frivolous, not appeals. Likewise, with respect to *Upton* and *Battle*, Williams again explained that he did not believe the habeas petitions constituted "lawsuits" for the purposes of the civil complaint form. On September 12, 2008, the magistrate judge issued a second Report & Recommendation. First, the magistrate judge advised that Williams's complaint should not be dismissed as a sanction pursuant to § 1915(e): "[b]ecause the Court believes that Williams did not intend to mislead the Court in his responses on the civil complaint form, the Court is of the opinion that dismissing the case based on his omissions would be too harsh a sanction." *Williams v. Brown*, No. CV607-045, slip op. at 5 (S.D. Ga. Sept, 12, 2008). Next, the magistrate judge determined that the defendants' motion to dismiss should be granted in part and denied in part. As to retaliatory transfer, the magistrate judge concluded that Williams stated a claim for retaliatory transfer against all defendants and that any qualified immunity defense was meritless because "transferring an inmate in retaliation for filing grievances violates his clearly established First Amendment rights." *Id.* at 10 (citations omitted). As to damages, the magistrate judge concluded that Eleventh Amendment immunized the defendants from damages in their official capacities and that "Williams is not

6

entitled to compensatory or punitive damages against them in their individual capacities since he has not shown an actual physical injury caused by the transfer." *Id.* at 11. In a footnote, the magistrate judge noted the possibility of nominal damages, even in the absence of a physical injury. *See id.* at 13 n.5. Lastly, the magistrate judge determined that injunctive relief remained a viable form of relief for Williams. Both parties filed objections to the second Report & Recommendation.

On October 1, 2008, the district court rejected the magistrate judge's second Report & Recommendation, sustained the defendants' objections, and granted the defendants' motion to dismiss. In an one-page "Order," the district court explained its reasoning:

> Danny Williams has engaged in a clear and persistent pattern of deceit in his court filings. The Court also agrees that plaintiff's failure to allege any physical injury bars relief. Finally, Williams alleges insufficient facts (but instead only vague, conclusory assertions which otherwise lack a causation component) to support his retaliatory transfer claim.

*Williams v. Brown*, 607CV045, slip op. at 1 (S.D. Ga. Oct. 1, 2008) (footnote omitted). In a footnote, the district court stated that Williams's failure to request nominal damages waived the recovery of nominal damages. *Id.* at n.1. The district court dismissed Williams's complaint with prejudice. This appeal followed.

7

**II.**

As a threshold matter, before turning to the substance of Williams's claims and the accompanying arguments on appeal, we must first address the district court's dismissal of Williams's complaint as a sanction. In particular, contrary to the recommendation of the magistrate judge, the district court concluded that Williams "engaged in a clear and persistent pattern of deceit in his court filings." On appeal, Williams argues that there was no evidence of a clear and persistent pattern of deceit in his court filings to justify a dismissal with prejudice. Williams stated that he had not intended to deceive the court and had honestly responded that he did not believe that his two habeas corpus petitions and one appeal dismissed as frivolous constituted a "lawsuit" for purposes of the civil complaint form.

We review sanctions imposed pursuant to 28 U.S.C. § 1915 "for an abuse of discretion." *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (citation omitted). Section 1915(e) of the PLRA provides that any *in forma pauperis* action or appeal shall be dismissed at any time if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). However, "[d]ismissal with prejudice in the context of section 1915 [is] an extreme sanction to be exercised only in appropriate cases." *Camp v. Oliver*, 798 F.2d 434, 438 (11th Cir. 1986). "In the absence of a finding

8

of bad faith misstatement of assets, litigiousness or manipulative tactics, however, dismissal with prejudice is not warranted." *Matthews v. Gaither*, 902 F.2d 877, 881 (11th Cir. 1990) (per curiam). Because dismissal with prejudice is a drastic sanction, it should "be applied only after lesser sanctions are considered and found inadequate." *Camp*, 798 F.2d at 438-39 (noting that many "petitions for *in forma pauperis* . . . are brought by *pro se* persons with little legal acumen") (citation omitted).

Here, the district court abused its discretion in dismissing Williams's complaint with prejudice as a sanction pursuant to § 1915(e). In contravention to the magistrate judge's second Report and Recommendation, the district court simply concluded that Williams had "engaged in a clear and persistent pattern of deceit in his court filings." However, a review of the record reveals that *at the time when he filed his complaint* only one of Williams's matters had been dismissed as frivolous – the *Wetherington* appeal. His failure to disclose one appeal does not qualify as "malicious" or evidence bad faith by Williams, much less "a clear and persistent pattern of deceit in his court filings." Moreover, Williams explained that he did not include the *Wetherington* appeal as being dismissed as frivolous because he did not believe an appeal constituted a "lawsuit." Considering his *pro se* status and taking the language of the form into account, which only requests "lawsuits"

9

and does not define that term, Williams's explanation was plausible on its face. Accordingly, we vacate the district court's judgment dismissing Williams's § 1983 complaint as a sanction for abuse of process and remand for proceedings consistent with the remainder of this Opinion. We now turn to the substance of Williams's other arguments raised on appeal specific to retaliatory transfer, damages, and his remaining claims.

## III.

Williams raised three additional arguments on appeal, asserting that the district court erred by: (1) concluding that he failed to plead sufficient facts to state a claim for retaliatory discharge; (2) finding that his failure to allege physical injury barred compensatory and punitive damages; and (3) dismissing his remaining claims, i.e., denial of access to courts, deliberate indifference to medical needs, denial of due process, and state law libel and slander. We shall consider each in turn.

A.    *Retaliatory transfer*

"We review a dismissal under the Prison Litigation Reform Act [("PLRA")] for failure to state a claim *de novo* and view the allegations in the complaint as true." *Douglas v. Yates*, 535 F.3d 1316, 1319-20 (11th Cir. 2008) (internal citation omitted). "The standards that govern a dismissal under Federal Rule of Civil

Procedure 12(b)(6) apply. . . ." *Id.* Further, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990) (citation omitted); *see Douglas*, 535 F.3d at 1321 (construing liberally a prisoner's *pro se* complaint).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555, 127 S. Ct. at 1965 (citation omitted). At the pleading stage, Federal Rule of Civil Procedure 8(a)(2) requires that "the plain statement possess enough heft to show that the pleader is entitled to relief." *Id.* at 557, 127 S. Ct. at 1966 (internal quotations omitted).

Prison officials may not retaliate against inmates for filing lawsuits or administrative grievances. *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986) (per curiam). While an inmate does not have a constitutionally protected liberty interest against being transferred to a less agreeable prison, *Moody v. Daggett*, 429

11

U.S. 78, 88 n.9, 97 S. Ct. 274, 279 n.9 (1976), prison officials may not transfer an inmate in retaliation for exercising his right to file grievances against prison officials. *See Bridges v. Russell*, 757 F.2d 1155, 1157 (11th Cir. 1985). Such retaliatory transfers violate an inmate's First Amendment rights. *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989) (per curiam).

Although Williams's complaint alleges that a constitutional violation occurred, the complaint fails to allege facts that associate Johnson or Tompkins with that violation. Williams simply asserts that "Brown, Johnson, and Tompkins subjected [him] to a retaliatory negative transfer twice as far from [his] family . . . ." This assertion does not raise his right to relief against Johnson and Tompkins above the speculative level. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965. Accordingly, the district court correctly dismissed Williams's complaint against Johnson and Tompkins.

As to Appellee Brown, however, taking the well-pleaded allegations in his complaint as true, Williams stated a chronology of events and alleged sufficient facts to state a retaliatory transfer claim against Brown in his individual capacity. The relevant facts are these. In 1999, Brown opened Williams's mail, Williams filed a grievance, and he was transferred. After being transferred back in 2004, Williams filed another grievance against Brown in September 2005; a prison staff

member notified Brown of the grievance; and Williams was again transferred to another prison. The facts provide circumstantial evidence that Brown transferred Williams in retaliation for his filing a grievance against him.

Furthermore, we agree with the magistrate judge in the second Report & Recommendation that qualified immunity does not shield Appellee Brown from liability. "[Q]ualified immunity provides that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Case v. Eslinger*, 555 F.3d 1317, 1325 (11th Cir. 2009) (quotation marks and citation omitted). When assessing qualified immunity cases, we consider whether a constitutional right has been violated and whether the right was clearly established by the law at the time of the violation. *Saucier v. Katz*, 533 U.S. 194, 200, 121 S. Ct. 2151, 2155 (2001). Although Appellee Brown acted within his discretionary authority in transferring Williams, the law is clearly established that a prison official may not transfer an inmate in retaliation for exercising his right to file grievances against prison officials. *See Bridges*, 757 F.2d at 1157. Thus, Brown cannot claim qualified immunity as a bar to Williams's complaint.

B. *Damages*

"[C]ompensatory damages under § 1983 may be awarded only based on *actual injuries* caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated." *Slicker v. Jackson*, 215 F.3d 1225, 1229 (11th Cir. 2000). Pursuant to 42 U.S.C. § 1997e(e), in order to recover for mental or emotional injury suffered while in custody, a prisoner bringing a § 1983 action must demonstrate more than a *de minimus* physical injury. *Harris v. Garner*, 190 F.3d 1279, 1286-87 (11th Cir.), *opinion reinstated in part on reh'g*, 216 F.3d 970 (11th Cir. 2000) (en banc).

The district court did not err in determining that Williams could not recover compensatory or punitive damages with respect to his First Amendment retaliation claim. In his complaint, Williams alleged that in August 2005, before his transfer, he was approved for surgery to correct a herniated cervical disc. Williams alleged the Appellees were aware of the approved surgery; however, beyond his conclusory statement, he fails to allege how they were so aware. Further, Williams did not substantially allege (1) that the Appellees knew of his condition or (2) that the delay in surgery exacerbated his condition. Accordingly, because he has not alleged the requisite physical injury, the district court properly dismissed Williams's compensatory and punitive damages claims.

However, "[n]ominal damages are appropriate if a plaintiff establishes a

14

violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003) (citation omitted). Thus, a prayer for nominal damages is not precluded by § 1997e(e). *Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir. 2007). While the district court determined that Williams waived any entitlement to nominal damages,[5] the district court did not consider whether Williams's *pro se* complaint should be liberally construed to request nominal damages, especially considering that Williams requested both monetary and injunctive relief and in light of Federal Rule of Civil Procedure 54. *See* FED. R. CIV. P. 54(c) ("Every other final judgment [besides default judgment] should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."). For this reason, we remand for the district court to consider, in the first instance, Williams's potential nominal damages claim against

---

[5] In support of its finding of waiver, the district court cited *Oliver v. Falla*, in which we addressed "the propriety of nominal damages in an Eighth Amendment excessive force case where the plaintiff waived a request for nominal damages." 258 F.3d 1277, 1281 (11th Cir. 2001). There, we concluded that the plaintiff "unequivocally waived his right to nominal damages" in light of the fact that (1) the plaintiff did not request a nominal damages jury instruction, (2) defense counsel stated during oral argument that plaintiff's counsel "vehemently opposed a nominal damages instruction," and (3) the plaintiff "did not object when the district court failed to give a nominal damages instruction to the jury." *Id.* at 1282. *Oliver* is inapposite to the instant case for at least two reasons. One, the procedural posture of the two cases is quite different. We found that the plaintiff in *Oliver* waived his right to nominal damages at trial after he, among other things, failed to request them and failed to ask for a jury instruction. On the contrary, the instant case is in its infancy. And two, the plaintiff in *Oliver* was represented by counsel whereas Williams is *pro se.*

15

Brown in his individual capacity for the alleged retaliation. *See Hughes*, 350 F.3d at 1162-63 (noting that "the district court did not consider whether Hughes's complaint could be liberally construed to request nominal damages" and remanding to allow the district court to consider that claim in the first instance).

C.     *Remaining claims*

As to Williams's remaining claims, upon review of the record as well as the parties' briefs, the district court did not err in dismissing his claims for denial of access to court, deliberate indifference, denial of due process, and Georgia state law libel and slander.

**IV.**

Accordingly, we vacate the judgment of the district court dismissing Williams's § 1983 complaint with prejudice based on abuse of process and remand to the district court for proceedings not inconsistent with this Opinion.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

16