[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 28, 2010
JOHN LEY
CLERK

No. 09-15997
Non-Argument Calendar

_____

D. C. Docket No. 09-00961-CV-RBP-HGD

BERNARD JEMISON, JR.,

Plaintiff-Appellant,

versus

WARDEN DAVID WISE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 28, 2010)

Before BARKETT, HULL and FAY, Circuit Judges.

PER CURIAM:

Bernard Jemison, Jr., an Alabama prisoner proceeding *pro se*, appeals the

district court's *sua sponte* dismissal of his complaint, pursuant to 28 U.S.C. § 1915A, for failure to state a claim. Jemison's complaint, which was brought under 42 U.S.C. § 1983, alleged that Warden David Wise retaliated against him for exercising his First Amendment right to free speech by filing a lawsuit against Wise and other prison officers. On appeal, Jemison contends that the district court should have provided him with the opportunity to amend his complaint before dismissing it with prejudice. Jemison further argues that he adequately stated a retaliation claim. Jemison has attached exhibits to his brief, which, he contends, constitute evidence that Wise retaliated against him.

For the reasons set forth below, we vacate and remand for further proceedings consistent with this opinion.

## I.

Jemison, proceeding *pro se*, filed the § 1983 complaint naming Wise, Warden of St. Clair Correctional Facility, as a defendant. Jemison alleged that, on April 21, 2009, several correctional officers beat him because he had filed numerous complaints against prison officials. Jemison filed a lawsuit against the officers, and also named Wise as a defendant for allegedly failing to protect Jemison from abuse. Jemison further alleged that "Wise took great offense" at being named as a defendant, and that, "days later," Wise retaliated by transferring

Jemison to William E. Donaldson Correctional Facility ("Donaldson"), a prison with a higher level of security. Jemison specified that he was transferred on April 30, 2009, and alleged that, days before his transfer, Wise gave him a threatening letter. Jemison asserted that he still possessed this letter. Jemison asserted that, by taking the actions described above, Wise unlawfully had retaliated against him for filing a lawsuit challenging his conditions of confinement.[1]

Before Wise received service of process, the magistrate judge entered a report and recommendation, recommending that, pursuant to the Prisoner Litigation Reform Act, 28 U.S.C. § 1915A, ("PLRA"), the court *sua sponte* dismiss Jemison's complaint for failure to state a claim upon which relief could be granted. The magistrate determined that Jemison had failed to state a retaliation claim against Wise, because he did not plead specific facts from which the court reasonably could infer that Wise acted with a retaliatory motive when he transferred Jemison. The magistrate found that Jemison did not make a plausible showing that Wise was actually aware of Jemison's § 1983 lawsuit before he ordered Jemison's transfer to Donaldson, and that the mere fact that Jemison had

---

[1] Jemison also raised a claim alleging that the was subjected to cruel and unusual punishment, in violation of the Eighth Amendment. Jemison, however, has not raised an argument regarding his Eighth Amendment claim in his brief on appeal, and thus has abandoned any argument as to the court's dismissal of this claim. *See Horsley v. Feldt*, 304 F.3d 1125, 1128, 1131 n.1 (11th Cir. 2002)

filed a lawsuit before the transfer, standing alone, did not give rise to an inference that Wise acted with a retaliatory motive. The magistrate noted that, in Jemison's previous § 1983 lawsuit against Wise and other officers, Jemison had filed a notice of change of address that stated that his transfer to Donaldson was an "emergency transfer." The magistrate determined that an emergency transfer was "wholly inconsistent" with the retaliation claim being asserted in the present case. The magistrate acknowledged that Jemison alleged that Wise took "great offense" at being named as a defendant in Jemison's § 1983 lawsuit, but, relying on Fed.R.Civ.P. 8(a)(2), found that this assertion was too vague to support a claim for relief. Accordingly, the magistrate concluded that Jemison's retaliation claim should be dismissed.

Jemison filed objections to the magistrate's report and recommendation, asserting that the magistrate had erred in finding that his retaliation claim was subject to dismissal. Jemison alleged that Wise had been "greatly upset" that Jemison had filed a lawsuit against him, and that Wise verbally had expressed his anger to Jemison in a face-to-face interaction. Jemison also asserted that all of his incoming and outgoing mail was "censored" by prison officials. Jemison argued that the magistrate abused his discretion in recommending the "immature" dismissal of his complaint, asserting that, had Wise been given a chance to answer,

4

and had the parties been granted the chance to engage in discovery, he could have shown that Wise was aware of Jemison's previous § 1983 lawsuit at the time that he ordered Jemison's transfer to Donaldson. Finally, Jemison alleged that the fact that his transfer to Donaldson was termed an "emergency" transfer indicated only that the transfer was unscheduled. He asserted that, while the transfer process usually lasts for a matter of months, his transfer to Donaldson was accomplished in a number of hours. Jemison contended that Wise had no reason to transfer him, apart from retaliation.

The district court entered an opinion, adopting the report and recommendation and dismissing Jemison's complaint under § 1915A(b) for failure to state a claim upon which relief may be granted. The court found that the fact that Jemison had filed a lawsuit before he was transferred, standing alone, did not permit an inference that Wise had acted with a retaliatory motive when he ordered Jemison's transfer to Donaldson. The court also found that, while Jemison alleged in his objections to the report and recommendation that Wise verbally had expressed his anger regarding Jemison's complaint, this allegation was too vague to raise more than an inference of a "possibility" that Wise had acted unlawfully. Based on its finding that the complaint permitted an inference of only the mere possibility of misconduct, the court determined that Jemison's complaint should be

dismissed.

## II.

Pursuant to 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible, or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On review, the court "shall" dismiss the complaint if, among other things, it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). We review *de novo* a district court's *sua sponte* dismissal of a prisoner's complaint for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001). The standards that apply to a dismissal under Fed.R.Civ.P. 12(b)(6) apply to a dismissal under § 1915A(b)(1). *See Leal*, 254 F.3d at 1278-79 (noting that the language in § 1915A(b)(1) "mirrors" the language in 28 U.S.C. § 1915(e)(2)(B)(ii), which "tracks" the language in Rule 12(b)(6)). We review "a district court's decision regarding leave to amend for abuse of discretion." *Troville v. Venz*, 303 F.3d 1256, 1259 (11th Cir. 2002).

When reviewing a court's dismissal of a complaint pursuant to Rule 12(b)(6), we accept the factual allegations in the complaint as true and construe

6

them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). In order to survive a motion to dismiss, a complaint must allege facts that, if true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quotation omitted). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Conclusory statements, without more, are insufficient to show a right to relief. *See Ashcroft,* 556 U.S. at ___, 129 S.Ct. at 1949.

"A party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." Fed.R.Civ.P. 15(a)(1) (2005).[2] In all other cases, a party is required to obtain leave to amend his pleading, and the court should "freely" grant leave to amend "when justice so requires." Fed.R.Civ.P.

---

[2] Effective December 1, 2009, Rule 15(a) has been amended to provide that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under 12(b), (e), or (f), whichever is earlier." *See* Fed.R.Civ.P. 15(a); Fed.R.Civ.P. 15, Advisory Committee Notes.

15(a)(2). "[A] district court's discretion to dismiss a complaint without leave to amend is severely restricted by Fed.R.Civ.P. 15(a)." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (quotation and alteration omitted). "Nothing in the language of the PLRA repeals Rule 15(a)." *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004). We have held that a district court erred by denying the plaintiff's motion to amend his *in forma pauperis* complaint, as he had the right to amend his complaint as a matter of course under Fed.R.Civ.P. 15(a) without seeking leave to amend. *See Troville*, 303 F.3d at 1260 n.5.

"Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant*, 252 F.3d at 1163 (quotation and alteration omitted). We have held that, where a *pro se* prisoner did not expressly request the opportunity to amend his complaint, but alleged facts supporting a First Amendment retaliation claim for the first time in his objections to the magistrate's report and recommendation, the district court erred by failing to provide the prisoner an opportunity to amend before *sua sponte* dismissing his complaint under the PLRA's screening provisions. *See Boxer X v. Harris*, 437 F.3d 1107, 1110 n.2, 1112 & n.4 (11th Cir. 2006). Unless a court specifies otherwise, a dismissal based on a finding that the complaint fails to state a claim upon which relief may be

8

granted operates as an adjudication on the merits. *See* Fed.R.Civ.P. 41(b) (providing that, unless a dismissal order states otherwise, an involuntary dismissal "operates as an adjudication on the merits").

"The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003). An inmate raises a First Amendment claim of retaliation if he shows that the prison official disciplined him for filing a grievance or lawsuit concerning the conditions of his imprisonment. *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989). Even though a prisoner does not have a liberty interest in not being transferred to another prison, he may state a retaliation claim by alleging that he was transferred due to his filing of a grievance or lawsuit concerning his conditions of his confinement. *See Bridges v. Russell*, 757 F.2d 1155, 1156-57 (11th Cir. 1985). To establish a retaliation claim, the inmate must show, *inter alia*, a causal connection between his protected conduct and the prison official's action. *Farrow*, 320 F.3d at 1248-49. In other words, the prisoner must show that, as a subjective matter, a motivation for the defendant's adverse action was the prisoner's grievance or lawsuit. *Smith v. Mosley*, 532 F.3d 1270, 1278 (11th Cir. 2008).

Here, the district court abused its discretion by dismissing Jemison's

complaint with prejudice before providing him with an opportunity to amend his complaint. *See* Fed.R.Civ.P. 41(b); Fed.R.Civ.P. 15(a). Because Wise had not filed a responsive pleading at the time that the court dismissed Jemison's complaint under § 1915A, Jemison had the right to amend his complaint as a matter of course, pursuant to Fed.R.Civ.P. 15(a). *See Troville*, 303 F.3d at 1260 n.5. While Jemison did not expressly state that he wished to amend his complaint, he alleged additional facts in his objections to the report and recommendation that were relevant to the causation element of his retaliation claim—namely, that Wise expressed his anger regarding Jemison's lawsuit in a personal conversation with Jemison, and that Jemison's mail was censored by prison officials, thus indicating the plausibility that prison officials learned about Jemison's lawsuit by viewing his mail. *See Boxer X*, 437 F.3d at 1112 & n.4.

By alleging these additional facts in his objections to the report and recommendation, Jemison indicated that he could state a plausible claim that Wise acted with a retaliatory motive by describing the content of his conversation with Wise, and by detailing the unusual circumstances surrounding his transfer to Donaldson. *See Ashcroft*, 556 U.S. at ___, 129 S.Ct. at 1949; *Twombly,* 550 U.S. at 556, 127 S.Ct. at 1965. Accordingly, regardless of whether Jemison's retaliation claim ultimately has merit, the district court erred by dismissing Jemison's

complaint with prejudice before providing him with an opportunity to amend.

Finally, we note that we do not consider the exhibits that Jemison has attached to his brief on appeal. Because Jemison failed to submit these exhibits to the district court, they are not relevant to the issue of whether the court erred in dismissing his complaint. *See Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368-69 (11th Cir. 1997) (holding that the analysis of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is limited "primarily to the face of the complaint and attachments thereto").

**VACATED AND REMANDED.**