[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14149
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-03667-RLV

CLINTON BURNS, III,

Plaintiff-Appellant,

versus

WARDEN, USP BEAUMONT,
WARDEN, USP ATLANTA,
CHRIS K. COLVIN,
Unit Manager,
KENDALL TALLEY,
Case Manager,
JAMES E. AUSTIN,
Case Manager, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 28, 2012)

Before TJOFLAT, BARKETT  and KRAVITCH, Circuit Judges.

PER CURIAM:

Clinton Burns, III, a federal prisoner proceeding *pro se*, filed the present civil rights suit alleging violations of his right to privacy and his First Amendment rights, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

Burns alleged that having a prisoner deliver his confidential Presentence Investigation Report to him, allegedly for the purpose of allowing the prisoner to read it, violated his right to privacy.  After complaining about the privacy violation, and beginning the grievance process, prison officials interfered with Burns's attempts to exhaust his administrative remedies, culminating in a transfer that Burns alleges was in retaliation for the grievance.  The district court, reviewing the amended complaint *sua sponte*, prior to service of process or the filing of responsive pleadings, dismissed it for a failure to exhaust administrative remedies and, alternatively, for a failure to state a claim.

Burns now appeals the dismissal by the district court.  He argues, in part, that he either exhausted his administrative remedies, or was prevented from doing so, and that he stated actionable claims under the Constitution.

I.

We review "*de novo* a district court's interpretation and application of 42 U.S.C. § 1997e(a)'s exhaustion requirement." *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005). The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

To "properly exhaust" administrative remedies, a prisoner must complete the administrative review process, as set forth in the applicable prison grievance process. *Jones v. Bock*, 549 U.S. 199, 218, 127 S.Ct. 910, 922-923, 166 L.Ed.2d 798 (2007). A prisoner cannot satisfy the exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. *Woodford v. Ngo*, 548 U.S. 81, 92-103, 126 S.Ct. 2378, 2387-93, 165 L.Ed.2d 368 (2006). Although inmates must exhaust their available administrative remedies, they are not required to "craft new procedures when prison officials demonstrate . . . that they will refuse to abide by the established ones." *Turner v. Burnside*, 541 F.3d 1077, 1083 (11th Cir. 2008) (internal citations omitted).

The "failure to exhaust is an affirmative defense under the PLRA," however, and "inmates are not required to specially plead or demonstrate

3

exhaustion in their complaints." *Jones*, 549 U.S. at 216, 127 S.Ct. at 922. A complaint may be dismissed for failure to exhaust if the lack of exhaustion appears on the face of the complaint. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). "Otherwise, exhaustion and other affirmative defenses must be raised in a responsive pleading." *Id.*

Lack of exhaustion does not appear on the face of Burns's complaint, as amended. He alleged that he filed an informal grievance, and a grievance with the warden, the Southeast Regional Director, and the central office. Burns also alleged that prison staff made it difficult, if not impossible, to meet the requirements of exhaustion, which may have made some administrative remedies unavailable. Accordingly, taking the allegations as true, it is not entirely clear from the face of the complaint that Burns did not exhaust his administrative remedies, and the district court should not have dismissed his complaint *sua sponte* for failure to exhaust.

## II.

A district court's *sua sponte* dismissal for failure to state a claim is reviewed *de novo*. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). We view the complaint in the light most favorable to the plaintiff and accept the well-pleaded facts presented therein as true. *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir.

4

2008).  Although the complaint need not set forth detailed factual allegations, the plaintiff must allege sufficient facts to render the claim "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys and are "liberally construed."  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

A federal violation of a person's constitutional rights by a federal official may give rise to a damage action in federal court.  *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).  We will generally apply 42 U.S.C. § 1983 law to *Bivens* cases. *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995).

"The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003).  Retaliation against an inmate for filing administrative grievances and lawsuits may violate First Amendment rights.  *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986); *Bridges v. Russell*, 757 F.2d 1155, 1156-57 (11th Cir. 1985).  An inmate must establish three elements to prevail on a retaliation claim.  *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005). Specifically, the inmate must establish that: (1) his speech was constitutionally

5

protected; (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) there was a causal relationship between the retaliatory action and the adverse effect on speech. *Id.* To establish causation, the plaintiff must show that the defendant was "subjectively motivated to discipline" the plaintiff for exercising his First Amendment rights. *Smith v. Mosley*, 532 F.3d 1270, 1278 (11th Cir. 2008).

Statutorily, the federal Privacy Act regulates the "collection, maintenance, use, and dissemination of information by certain agencies, subject to certain exceptions, including for activities "pertaining to the enforcement of criminal laws." *See generally* 5 U.S.C. § 552a. Constitutionally, prison inmates also have due process and informational privacy rights, although the latter, in particular, are among those most curtailed by confinement. *Harris v. Thigpen*, 941 F.2d 1495, 1513-15 (11th Cir. 1991).

In *Whalen v. Roe*, 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977), the Supreme Court recognized a constitutional interest "in avoiding disclosure of personal matters." *Id.* at 599, 97 S.Ct. at 876. In 1978, the former Fifth Circuit agreed that a "constitutional right to privacy" was "incorporated in the due process protected" by the Fourteenth Amendment. *Plante v. Gonzalez*, 575 F.2d 1119, 1127 (5th Cir. 1978) (*citing Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678,

14 L.Ed.2d 510 (1965)).

In his complaint, Burns alleged that he was transferred in retaliation for filing a grievance.  He stated that there was no legitimate basis for transferring him, and that prison staff had been hostile and unprofessional towards him since his grievance until his transfer.  Accordingly, there was a sufficient factual basis such that the district court was not justified in dismissing this claim *sua sponte*.  Because it is appropriate to remand based on the First Amendment violation, we will not consider whether the right to privacy claim, as alleged, was also cognizable.

**VACATED AND REMANDED.**