Leon **WILDBERGER,**
Plaintiff–Appellant,

v.

Sgt. David **BRACKNELL,** Lt. Robert
Simmons, Steve Hicks, CO II, et al.,
Defendants–Appellees.

No. 88–7373
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 14, 1989.

Harry A. Lyles, Gen. Counsel, Alabama
Dept. of Corrections Legal Div., John T.

Harmon, Montgomery, Ala., for defen-
dants-appellees.

Before TJOFLAT and COX, Circuit
Judges, and TUTTLE, Senior Circuit
Judge.

PER CURIAM:

This is an appeal from the dismissal by
the trial court of appellant's 42 U.S.C.
§ 1983 action against Alabama Department
of Corrections officials, Sgt. Bracknell, Lt.
Simmons, Associate Warden DeLoach and
correctional officers Hicks and Twyman.

Appellant's principal contentions were
that he had been denied a federal constitu-
tional right, because the defendants violat-
ed the grievance procedures established by
the State Department of Corrections, and
because he had been disciplined by being
placed in segregation in retaliation for his
having filed several grievances under the
state's grievance procedures. He also al-
leged that he had been personally assaulted
by one Lt. Moore, whom he did not name as
a defendant. In addition, the complaint
challenged the fairness and impartiality of
the disciplinary committee that had acted
on his grievance. His charge in this re-
spect is principally due to the fact that two
members of the grievance committee were
in supervisory positions over the persons
charged with responsibility for the alleged
illegal conduct; plaintiff also claimed that
the chairman of the committee unfairly de-
nied plaintiff's request to call two addition-
al witnesses at the disciplinary hearing,
which restricted his ability to establish his
innocence.

The trial court adopted the report and
recommendation of the magistrate, holding
that the petition should be dismissed on the
defendants' motion for summary judgment.
The magistrate concluded that the violation
of the grievance procedure did not rise to
the level of a constitutional violation, since
there was no entitlement to a grievance
procedure under the Federal Constitution.

The recommendation also held that since there was no right to a grievance procedure under the Constitution, a claim of retaliation for filing a grievance also did not state a constitutional claim. As to the claim for the personal assault, the magistrate found that the suit was properly dismissed, since Moore had not been made a defendant and had received no notice of the lawsuit. The magistrate's recommendation found that, although the claim of lack of a fair and impartial disciplinary committee implicated federal constitutional rights, the minimum requirements of due process were met under the standard stated in *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

We conclude that the trial court erred in one respect in granting the motion for summary judgment.

*Claim of Retaliation.*

■■ As stated above, Wildberger averred that his constitutional rights had been violated since, as he alleged, he had been disciplined because he had filed several grievances in the past. He claims this is a clear case of an inmate being punished for exercising his First Amendment right to "freedom of speech" and his right "to petition the government for a redress of grievances."[1]

This Court has decided a number of cases dealing with quite similar constitutional issues. In *Wright v. Newsome,* 795 F.2d 964 (11th Cir.1986), we said:

> Wright also sufficiently alleged facts bringing actions that might not otherwise be offensive to the Constitution ... within the scope of the Constitution by alleging that the actions were taken in retaliation for filing lawsuits *and administrative grievances.* This type of retaliation violates both the inmate's right of access to the courts, *Hooks v.*

*Kelley,* 463 F.2d 1210 (5th Cir.1972), and the inmate's First Amendment rights. *See Bridges v. Russell,* 757 F.2d 1155 (11th Cir.1985). The district court erred in dismissing the retaliation claim for failure to state a claim for which relief can be granted.

795 F.2d at 968 (emphasis supplied). In *Bridges v. Russell,* 757 F.2d 1155 (11th Cir.1985), this Court said:

> Critical issues of fact remain to be decided in this case. The appellant has alleged that he was transferred because: (1) he filed a grievance against his work supervisor alleging racial discrimination in the assignment of work tasks; (2) he actively encouraged other inmates to protest this treatment by signing a petition; and (3) he prepared, upon request, a similar grievance for another prisoner to sign.

*Id.* at 1157.

It seems clear that if appellant is able to establish that his discipline was the result of his having filed a grievance concerning the conditions of his imprisonment, he will have raised a constitutional issue, under the authority of these cases.

## CONCLUSION

Accordingly, we must REVERSE the trial court's judgment dismissing the complaint and REMAND for further consideration.

---

**1.** Amendment I of the United States Constitution provides:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or of the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

The provisions of this Amendment were, of course, incorporated within the provisions of the Fourteenth Amendment to become applicable to the states. *See, e.g., Wallace v. Jaffree,* 472 U.S. 38, 48–49, 105 S.Ct. 2479, 2485–86, 86 L.Ed.2d 29 (1985).