[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 6, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13986
Non-Argument Calendar

_____

D. C. Docket No. 07-00273-CV-3-LAC-MD

KELVIN FRAZIER,

Plaintiff-Appellant,

versus

JAMES R. MCDONOUGH,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(February 6, 2008)**

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Kelvin Frazier, a Florida state prisoner proceeding pro se and in forma

pauperis ("IFP"), appeals the district court's sua sponte dismissal of his § 1983 action, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim. After review, we affirm in part and vacate and remand in part.[1]

## I. BACKGROUND

### A. Allegations in the Complaint

Frazier is an inmate at the Santa Rosa Correctional Institution in Florida. We recount the allegations in his pro se complaint.

Frazier filed an administrative grievance against a prison guard, Sergeant Hilburn. In response, Sergeant Hilburn took away Frazier's dayroom privileges. Frazier filed another administrative grievance, asserting that Sergeant Hilburn's actions were in retaliation for the first grievance.

Frazier learned that Sergeant Hilburn was telling other guards that he was going "to get" Frazier for filing grievances. Frazier filed additional grievances asserting that Sergeant Hilburn was threatening to retaliate.

While Frazier's grievances were pending, Sergeant Hilburn wrote a disciplinary report charging Frazier with disorderly conduct.[2] On the same day,

---

[1]We review de novo a district court's sua sponte dismissal of a prisoner's complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278 (11th Cir. 2001).

[2]Sergeant Hilburn's disciplinary report stated that as Frazier was exiting his cell, Sergeant Hilburn directed Frazier to unroll his towel so it could be searched. Frazier became agitated and began yelling at Sergeant Hilburn in a loud voice. Sergeant Hilburn told Frazier to

2

Sergeant Hilburn told Frazier he did not care about the grievances Frazier had filed and that Hilburn could "get" Frazier any time he liked. Prison officials denied Frazier's grievances initially and on administrative appeal, concluding that Frazier's allegations were unsubstantiated.[3]

After a hearing, the prison disciplinary team concluded that Frazier was guilty of disorderly conduct. As a result of Sergeant Hilburn's disciplinary report, Frazier spent thirty days in disciplinary confinement; lost radio, canteen, visitation, library, dayroom and phone call privileges; and suffered mental and emotional distress and depression. The disciplinary team also refused to give him 23 days worth of time credit. Frazier filed a grievance claiming that the disciplinary team had refused him time credit in violation of prison rules and in retaliation for his filing of other grievances. This grievance was also denied.

## B. Relief Sought in the Complaint

In his complaint, Frazier alleged violations of the First, Eighth and

---

calm down and return to his cell. Frazier became more disorderly and moved his arms around. Sergeant Hilburn again ordered Frazier to return to his cell, and Frazier complied.

[3]Particularly, the form denying Frazier's first grievance states that, during an interview, Sergeant Hilburn stated that Frazier had failed to follow dayroom rules by talking while inmates were still being "pulled for dayroom" and that Frazier was returned to his cell and received an "unsat" rating. The denials of subsequent grievances stated that Sergeant Hilburn claimed he did not threaten Frazier and that he wrote a disciplinary report because Frazier had become disorderly and was "hollering" at him, conduct that other officers also witnessed. Investigating officials concluded that the disciplinary report was warranted and not retaliatory.

Fourteenth Amendments. Frazier made no claim for physical injury. Rather, Frazier sought monetary damages for mental and emotional distress, depression and psychological suffering. Frazier also sought punitive damages and "such other relief as may appear that Plaintiff is entitled."

A magistrate judge entered a report and recommendation ("R&R"), recommending that Frazier's complaint be dismissed pursuant to § 1915(e)(2)(B)(ii). The magistrate judge concluded that Frazier's claims were barred by the statutory physical-injury requirement contained in 42 U.S.C. § 1997e(e). Frazier filed objections to the R&R. The district court adopted the R&R and dismissed Frazier's complaint. Frazier filed this appeal.

## II. DISCUSSION

On appeal, Frazier argues that his complaint states a claim of First Amendment retaliation.[4] Under the First Amendment, a prison official may not retaliate against an inmate for exercising the right of free speech. Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). The prisoner can establish retaliation by demonstrating that "the prison official's actions were the result of his having filed a grievance concerning the conditions of his imprisonment." Id. (quotation marks

---

[4]Frazier's appellate brief makes only one passing reference to his Eighth and Fourteenth Amendment claims and does not present any argument with respect to them. Thus, these claims are abandoned. See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003); Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

omitted).  An inmate states a First Amendment claim where he alleges he was retaliated against for filing a grievance.  See Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989) (reversing dismissal of retaliation claim and noting that if the appellant establishes on remand that he was disciplined for filing a grievance then he will have raised a constitutional issue).  An inmate may seek nominal damages for First Amendment violations.  See Al-Amin v. Smith, ___ F.3d ___, 2008 WL 60018, at *14 (11th Cir. Jan. 7, 2008).

Here, Frazier alleged that he was subject to discipline in retaliation for filing administrative grievances, facts which, if proven, would support a First Amendment retaliation claim.  However, Frazier did not allege any physical injury, only mental and emotional injury.

Further, § 1997e(e) bars prisoner civil actions for "mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).[5]  Under our case law, § 1997e(e) thus bars Frazier's claims for compensatory and punitive damages.  See Harris v. Garner, 190 F.3d 1279, 1287-88 (11th Cir. 1999) ("Harris I"), vacated in part and reinstated in part on reh'g, 216 F.3d 970 (11th Cir. 2000) (en banc) ("Harris II") (affirming district court's

_____

[5]Thus, "1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody."  Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2002).

5

dismissal of claims for compensatory and punitive damages as barred by § 1997e(e), but vacating and remanding with directions to enter dismissal without prejudice); Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007) (stating that under our case law § 1997e(e) precludes an inmate's claims for compensatory and punitive damages).

Despite this limitation, this Court has concluded that § 1997e(e) does not bar claims for nominal damages. Smith, 502 F.3d at 1271; see Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003). In Hughes, we stated that "[n]ominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." Hughes, 350 F.3d at 1162 (citing Carey v. Piphus, 435 U.S. 247, 255, 98 S. Ct. 1042, 1048 (1978)).

Here, as in Hughes, the district court dismissed Frazier's complaint sua sponte before the defendants were served. Thus, the district court did not consider whether Frazier's pro se complaint can be liberally construed to request nominal damages. See id. at 1162-63. For this reason, as in Hughes, we remand to the district court to consider Frazier's potential nominal damages claim for the alleged retaliation in the first instance.

Finally, the district court's dismissal order did not specify that Frazier's

6

claims were dismissed without prejudice. Thus, the district court's dismissal of Frazier's compensatory and punitive damages claims was an adjudication on the merits. See Fed. R. Civ. P. 41(b) (providing that, unless the district court's order "otherwise specifies," involuntary dismissals are adjudications on the merits). Dismissals of claims for monetary damages under § 1997e(e) "should be without prejudice to re-filing the claim if and when the plaintiff is released." Harris II, 216 F.3d at 980.

Accordingly, although we affirm the district court's dismissal of Frazier's claims for compensatory and punitive damages, we vacate and remand with directions that these claims are to be dismissed without prejudice. We further vacate the district court's dismissal of Frazier's First Amendment retaliation claim and remand for further proceedings consistent with this opinion.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**