[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 25, 2008
THOMAS K. KAHN
CLERK

No. 07-13752
Non-Argument Calendar

_____

D. C. Docket No. 06-14201-CV-KMM

GLENN C. SMITH,

Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,
Walter A. McNeil, Secretary of Corrections,
LARRY BARRINER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 25, 2008)

Before ANDERSON, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Glenn Smith, a state prisoner proceeding <u>pro se</u>, appeals the dismissal of his <u>in forma pauperis</u> ("IFP") 42 U.S.C. § 1983 civil rights claims for failure to state a claim on which relief may be granted, the dismissal without prejudice of his claim challenging the constitutionality of Florida Department of Corrections ("FDOC") disciplinary proceedings, and denial of his motion for reconsideration of the order denying his motion challenging the constitutionality of the Prisoner Litigation Reform Act ("PLRA").

On appeal, Smith argues that: (1) he properly stated retaliatory disciplinary report and transfer claims, and a claim that Fla. Admin. Code r. 33-601.314 § 6-1"disobeying order rule" (providing for disciplinary confinement if a prisoner violated any order) was facially and as-applied unconstitutional against Secretary Walter A. McNeil of the FDOC, in his official capacity, and against Captain Larry Barriner, in his individual capacity; (2) the district court erred by <u>sua sponte</u> dismissing his claim challenging disciplinary proceedings brought against him without giving him the opportunity to amend his complaint to add the necessary parties; and (3) the PLRA violates the Equal Protection and Due Process Clauses of the Constitution in that it impinges on the fundamental right of access to the courts and thus should be reviewed under strict scrutiny, which it would not survive.

**I.**

A district court's <u>sua sponte</u> dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is reviewed <u>de novo</u>, using the same standards that govern Fed.R.Civ.P. 12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1489-90 (11th Cir. 1997). Under that standard, we view "the allegations in the complaint as true." <u>Id.</u> at 1490. A district court should not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the prisoner can prove no set of facts in support of his claim which would entitle him to relief." <u>Harmon v. Berry</u>, 728 F.2d 1407, 1409 (11th Cir. 1984). We also review questions of constitutional law <u>de novo</u>. <u>United States v. Ward</u>, 486 F.3d 1212, 1221 (11th Cir.), <u>cert. denied</u>, 128 S.Ct. 398 (2007). <u>Pro se</u> pleadings generally are held to less stringent standards than counseled briefs. <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

As an initial matter, Smith argued below that disciplinary proceedings instituted against him after he failed to comply with a transfer order violated the Due Process Clause. He, however, does not present argument on appeal challenging the district court's finding that the alleged procedural due process violations were improperly brought against McNeil and Barriner. Instead, he argues that he should have been given the opportunity to amend his complaint to

include the proper parties. Accordingly, he has abandoned these claims against McNeil and Barriner. See Horsley v. Feldt, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002) (concluding claim not raised on appeal abandoned).

## A. Disciplinary Report and Transfer

Prison officials may not retaliate against inmates for filing lawsuits or administrative grievances. Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). An inmate raises a constitutional claim of retaliation if he establishes that the prison disciplined him for filing a grievance or lawsuit concerning the conditions of his imprisonment. Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989). To establish a claim for retaliation, the inmate must show a causal connection between his protected conduct and the harm complained of. Farrow v. West, 320 F.3d 1235, 1248-49 (11th Cir. 2003).

While state defendants sued in their official capacity for monetary damages under § 1983 are immune from suit under the Eleventh Amendment, they are not immune from claims seeking prospective declaratory or injunctive relief. See Powell v. Barrett, 496 F.3d 1288, 1308 & n.27 (11th Cir. 2007); Fla. Ass'n of Rehab. Facilities v. Fla. Dep't of Health and Rehabilitative. Serv., 225 F.3d 1208, 1220 (11th Cir. 2000). Smith's claims against McNeil in his official capacity sought prospective injunctive and declaratory relief.

4

We do not recognize vicarious liability, including respondeat superior, in § 1983 actions. Goebert v. Lee County, 510 F.3d 1312, 1331 (11th Cir. 2007). In Goebert, we noted that, in order to establish that a defendant committed a constitutional violation in his official and supervisory capacities, a plaintiff must show that the defendant instituted a custom or policy resulting in deliberate indifference to constitutional rights or directed his subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so. Id. While a policy is an officially adopted decision, "[a] custom is an unwritten practice that is applied consistently enough to have the same effect as a policy with the force of law," and "[d]emonstrating a policy or custom requires showing[ing] a persistent and wide-spread practice." Id. at 1332 (third alteration in original) (quotation omitted).

Smith has failed to state a claim for retaliatory disciplinary proceedings against both defendants because the disciplinary order he challenges was properly filed after Smith disobeyed an order to cooperate with the transfer, and not because he had filed lawsuits or administrative grievances. Further, Smith has not stated a claim for retaliatory transfer against Barriner because Smith has not alleged that Barriner was in any way responsible for the decision to transfer him. Accordingly, we affirm the district court's decision as to those claims.

5

However, because Smith alleged facts sufficient to state a claim against Sec. McNeil for supervisory liability for permitting widespread retaliatory transfers, we vacate the district court's decision as to that claim and remand for further proceedings. Smith alleged that he filed an increasing number of grievances and complaints, and was transferred in retaliation for such First Amendment activity. Smith also alleged a widespread practice and custom of transferring inmates in retaliation for exercising their First Amendment rights, thus putting Sec. McNeil on notice thereof.

**B. Constitutionality of Fla. Admin. Code. r. 33-601.314, § 6-1**

"Unlike the strict standards of scrutiny applicable to the constitutional rights of persons in free society, the Supreme Court has adopted a deferential standard for determining whether a prison regulation violates an inmate's constitutional rights," and "[a] prison regulation, even though it infringes the inmate's constitutional rights, is an actionable constitutional violation only if the regulation is unreasonable." Hakim v. Hicks, 223 F.3d 1244, 1247 (11th Cir. 2000). In examining the reasonableness of the regulation, we use the standard announced by the Supreme Court in Turner v. Safley, 482 U.S. 78, 89, 91, 107 S.Ct. 2254, 2261, 2263, 96 L.Ed.2d 64 (1987), and consider the following factors:

(1) whether there is a "valid, rational connection" between the

6

regulation and a legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the asserted constitutional right that remain open to the inmates; (3) whether and the extent to which accommodation of the asserted right will have an impact on prison staff, inmates, and the allocation of prison resources generally; and (4) whether the regulation represents an "exaggerated response" to prison concerns.

Hakim, 223 F.3d at 1247-48.

The district court properly dismissed Smith's facial constitutional challenge to the rule. First of all, there is a rational connection between the regulation and the legitimate governmental interest of maintaining secure prisons. Additionally, Smith's complaint demonstrates there are alternative means by which he can exercise his First Amendment rights. Amending the rule to require prisoners to obey only "legal" orders could lead to a strain on guards and resources, and Smith does not suggest that the disobeying order rule is an exaggerated response to the overriding need to maintain secure prisons. Moreover, because the disciplinary report was issued for his refusal to follow an order, and not for an arbitrary reason or in retaliation for exercising his right of free speech, the disobeying order rule was not applied in an unconstitutional manner.

## II.

The district court may not dismiss an IFP complaint pursuant to § 1915(e)(2)(B)(ii) without allowing leave to amend when required by

Fed.R.Civ.P. 15. Brown v. Johnson, 387 F.3d 1344, 1348 (11th Cir. 2004). Under Rule 15(a), a party may amend a complaint "once as a matter of course at any time before a responsive pleading is served." Fed.R.Civ.P. 15(a).

Smith's argument on appeal that he should have been given the opportunity to amend his complaint is baseless because he had notice that the district court would likely dismiss without prejudice his constitutional challenge to the disciplinary proceedings when the magistrate judge recommended precisely that, and he did not attempt to amend his complaint.

## III.

A district court's denial of a motion for reconsideration is reviewed for an abuse of discretion. Corwin v. Walt Disney Co., 475 F.3d 1239, 1254 (11th Cir. 2007). We review questions of constitutional law de novo. Ward, 486 F.3d at 1221. We have analyzed and upheld under the rational basis test various provisions of the PLRA. For example, in Harris v. Garner, 190 F.3d 1279, 1287-90 (11th Cir.) vacated, reh'g granted, 197 F.3d 1059 (11th Cir. 1999), reinstated in relevant part, 216 F.3d 910 (11th Cir. 2000) (en banc), we held that 42 U.S.C. § 1997e(e)'s physical injury requirement: (1) did not violate the Fifth Amendment's Due Process Clause because it was "a limitation on a damages remedy"; and (2) did not violate the Equal Protection Clause, as it only impacted a

prisoner's remedies, not his access to the courts. In <u>Mitchell</u>, we held that the filing fee requirements of § 1915(b) do not violate the Equal Protection Clause. <u>Mitchell</u>, 112 F.3d at 1487-89. In <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1324 (11th Cir.2001), we held that <u>sua sponte</u> dismissals under § 1915(e)(2) for failure to state a claim does not violate the Equal Protection Clause or the procedural protections of the Due Process Clause.

Because we have analyzed under the rational basis test, and upheld as constitutional, many of the PLRA's provisions, including several of the provisions Smith argued were unconstitutional in his motion challenging the PLRA, Smith's assertion that the PLRA as a whole must be reviewed under, and does not survive, strict scrutiny is meritless. Accordingly, the district court did not abuse its discretion in denying Smith's motion for reconsideration.

**IV.**

In conclusion, we affirm the district court's (1) dismissal of Smith's claims of a retaliatory disciplinary report, (2) dismissal of Smith's claim of retaliatory transfer against Barriner, (3) dismissal of Smith's constitutional challenges to the disobeying order rule, (4) dismissal without prejudice of Smith's challenge to FDOC disciplinary procedures, and (5) denial of Smith's motion for reconsideration. We vacate the district court's dismissal of Smith's claim of

9

retaliatory transfer against McNeil and remand for further proceedings.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART**