[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15635
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 27, 2010
JOHN LEY
CLERK

_____

D. C. Docket No. 09-01035-CV-CLS-HGD

BERNARD JEMISON,

Plaintiff-Appellant,

versus

MICHAEL MITCHELL,
TAKEKA KEYES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 27, 2010)

Before BLACK, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff Bernard Jemison, an Alabama prisoner proceeding pro se, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. After review, we affirm the district court's dismissal as to the due process claim against Defendant Takeka Keyes. As to the First Amendment retaliation claim against Defendant Michael Mitchell, we vacate and remand for further proceedings consistent with this opinion.

## I. BACKGROUND FACTS

### A. Complaint's Allegations

Jemison's complaint alleges that on April 7, 2009, D-block dormitory where Jemison was housed flooded. Correctional officer Michael Mitchell, the "cubical operator" on duty, suspected Jemison was responsible. Mitchell ordered Jemison placed in a "stripped cell" for one week without any possessions or a working toilet and sink.

In response, on April 14, 2009, Jemison filed a lawsuit against Mitchell alleging an Eighth Amendment claim of cruel and unusual punishment. Jemison's current complaint alleges Mitchell "was quickly notified of plaintiff[']s civil action against him by summons service of this court and vowed to retaliate."

On April 21, 2009, an inmate in D-block dormitory caused another flood.

Mitchell placed the blame on Jemison and took disciplinary action, charging Jemison with "creating a security[,] safety, or health hazard."

On May 10, 2009, correctional officer Takeka Keyes presided over the hearing on Mitchell's disciplinary charge. Keyes heard testimony from Mitchell and Jemison and two of Jemison's witnesses, who were also inmates in D-block dormitory. Jemison and his two witnesses testified that another inmate, not Jemison, was responsible for the flood. Keyes did not permit Jemison's third witness to testify. Keyes credited Mitchell's testimony over the inmates' testimony and found Jemison guilty. Jemison was placed in "punitive segregation" for 21 days.

## B.    District Court Proceedings

Jemison filed this pro se § 1983 complaint, alleging that Mitchell filed a false disciplinary report in retaliation for his earlier lawsuit and that Keyes "concurr[ed]" with Mitchell, thus violating his First and Fourteenth Amendment rights. Jemison sought injunctive relief and damages.

In accordance with 28 U.S.C. § 1915A, a magistrate judge conducted a sua sponte preliminary screening and issued a report ("R&R") recommending the dismissal of Jemison's § 1983 complaint for failure to state a claim, pursuant to § 1915A(b)(1). The R&R concluded that Jemison's complaint failed to make a

3

"plausible showing" that Mitchell was aware of Jemison's lawsuit before he filed the disciplinary charge against Jemison or allege other facts from which a retaliatory motive could be inferred. The R&R noted that the district court records showed that Mitchell had not been served with the summons and complaint for Jemison's prior lawsuit before Mitchell filed the disciplinary charge.

The R&R also concluded that, to the extent Jemison's pro se complaint asserted a due process claim against Keyes for refusing to permit Jemison's third witness to testify at the disciplinary hearing, this claim should be dismissed. The R&R explained that Jemison did not have an unlimited right to call witnesses and his complaint did not allege the nature of the missing witness's testimony. Alternatively, the R&R found that Jemison had not alleged that his disciplinary segregation was a dramatic departure from the ordinary conditions of incarceration.[1]

Jemison objected to the R&R, arguing that Mitchell did have knowledge of the prior lawsuit before he filed the disciplinary report. Jemison explained that on April 16, 2009, Mitchell "questioned" him about the details of the lawsuit, thus

---

[1]In the district court, Jemison did not object to this portion of the R&R. On appeal, Jemison did not challenge this ruling in his initial brief. Thus, we do not address Jemison's due process claim further, and the district court's dismissal of that claim is affirmed. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir.) (explaining that this Court does not address issues raised for the first time in a pro se litigant's reply brief), cert. denied, 129 S. Ct. 74 (2008); Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) (explaining that this Court does not address issues not raised in the district court).

proving that Mitchell knew about it before he filed the disciplinary report on April 21, 2009. Jemison complained that the magistrate judge should have given him the opportunity to present or prove his contention, perhaps by "special report process," before dismissing his action. The district court overruled Jemison's objections and adopted the R&R. The district court dismissed Jemison's complaint for failure to state a claim and directed that final judgment be entered. Because the dismissal order did not state that the dismissal was without prejudice, the dismissal was by law with prejudice. See Fed. R. Civ. P. 41(b). Jemison filed this appeal.

## II. DISCUSSION

### A. Section 1915A(b)(1) Dismissals

Section 1915A requires the district court to review as soon as practicable a prisoner's complaint in a civil action against a government entity or officer. 28 U.S.C. § 1915A(a). Upon review, the district court must dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1).[2]

The standards that apply to a dismissal under Federal Rule of Civil Procedure 12(b)(6) apply to a dismissal under § 1915A(b)(1). See Jones v. Bock,

---

[2]We review de novo a district court's sua sponte dismissal of a complaint for failure to state a claim for relief under § 1915A(b)(1), taking the allegations in the complaint as true. Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006). In addition, we construe pro se pleadings liberally. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998).

549 U.S. 199, 214-215, 127 S. Ct. 910, 920-21 (2007); Leal v. Ga. Dep't of Corrs., 254 F.3d 1276, 1278-79 (11th Cir. 2001) (noting that the language in § 1915A(b)(1) "mirrors" the language under 28 U.S.C. § 1915(e)(2)(B)(ii), which "tracks" the language in Rule 12(b)(6)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When it appears that a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it with prejudice. See Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc).[3] Dismissal with prejudice is proper, however, if the pro se plaintiff has indicated that he does not wish to amend his complaint or if a more carefully drafted complaint could not

---

[3]Although Wagner overruled Bank as to counseled litigants, it specifically stated that it did not address pro se litigants. See Wagner, 314 F.3d at 542 n.1. Thus, the Bank rule remains applicable to pro se litigants when their complaints are dismissed with prejudice. Id.

6

state a valid claim.  Id.

**B.      Retaliatory Discipline Claim**

"The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech."  Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003).  An inmate raises a First Amendment claim of retaliation if he shows that the prison official disciplined him for filing a grievance or lawsuit concerning the conditions of his imprisonment.  Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989).  To establish a retaliation claim, the inmate must show, inter alia, a causal connection between his protected conduct and the prison official's action.  Farrow, 320 F.3d at 1248-49.

Accepting the allegations in the complaint as true, after Jemison filed a lawsuit against Mitchell on April 14, 2009, Mitchell filed a false disciplinary report on April 21, 2009 accusing Jemison of flooding D-block dormitory.  Furthermore, Jemison's complaint alleges that when Mitchell learned of the lawsuit, he "vowed to retaliate."

Even assuming arguendo that these allegations are insufficient to state a facially plausible claim, Jemison's objection to the R&R, construed liberally, asked for leave to amend his complaint to allege additional facts showing Mitchell knew of the lawsuit before he filed the disciplinary report.  Specifically, Jemison claimed

that Mitchell asked him about the details of the lawsuit on April 16, 2010.[4] This proposed allegation plus the short, seven-day time period between the filing of Jemison's lawsuit and the filing of the allegedly false disciplinary report are sufficient to support a reasonable inference that the latter motivated the former.

Given that allowing Jemison to amend his complaint would not have been futile, under our Bank rule, the district court should have allowed Jemison leave to amend his complaint rather than dismissing it with prejudice. Accordingly, we affirm the district court's dismissal of Jemison's due process claim against Keyes. However, we vacate the district court's dismissal as to Jemison's First Amendment retaliation claim against Mitchell and remand for proceedings consistent with this opinion.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

---

[4]On appeal, Jemison contends that even if Mitchell had not yet been served, Mitchell nonetheless knew of the lawsuit before he filed the disciplinary report because he told Jemison he knew about it. Jemison suggests that Mitchell may have learned of the lawsuit because prison officials review outgoing mail. Jemison also clarifies that it was when Mitchell asked him about the lawsuit that Mitchell threatened to retaliate.