[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13515
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cv-00280-RBD-MCR


IRA C. JACKSON,

                                                        Plaintiff-Appellant,

                            versus

LYNN HILL,
Assistant Warden,
L. CREWS,
Warden, Secretary, Grievance Coordinator,
SGT. HALE,
PENDLETON,
Lieutenant,
WARDEN,

                                                        Defendants-Appellees,

FLORIDA DEPARTMENT OF
CORRECTIONS, etc., et al.

                                                        Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 16, 2014)

Before TJOFLAT, PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Ira C. Jackson, a Florida prisoner, appeals *pro se* the dismissal without prejudice of his second amended complaint that officials at the Putnam Correctional Institution violated his civil rights. *See* 42 U.S.C. § 1983. Jackson complained that the officials disposed of his personal property, in violation of his right to due process under the Fourteenth Amendment, and he suffered "undue emotional and physical stress" when officers retaliated against him by disciplining him for filing grievances, in violation of the First Amendment. The district court *sua sponte* dismissed Jackson's complaint as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). The district court ruled that Jackson's complaint about his property was "not cognizable [because he had] an adequate means of redressing that violation . . . under state law" and that his claim about retaliation was barred under the Prison Litigation Reform Act because he sought compensatory and punitive damages for mental and emotional injuries, not physical injuries, *see* 42 U.S.C. § 1997e(e). We affirm the dismissal of Jackson's claim about the disposal

2

of his property.  We also affirm in part the dismissal of Jackson's complaint for compensatory and punitive damages, but vacate and remand for the district court to consider whether Jackson can recover nominal damages for his claim of retaliation.

The district court did not abuse its discretion when it dismissed as frivolous Jackson's claim about the destruction of his property.  Jackson alleged that officials denied him access to personal property shipped to Putnam; refused to mail the property to another location; and later denied having Jackson's property. Jackson cannot claim that he has been deprived of due process when he has available an adequate postdeprivation remedy under state law.  *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 3204 (1984); *Parratt v. Taylor*, 451 U.S. 527, 101 S. Ct. 1908 (1981).  Under Florida law, Jackson can sue the officers for the conversion of his personal property.  *See Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009) (citing *E.J. Strickland Constr., Inc. v. Dep't of Agric. & Consumer Servs. of Fla.*, 515 So. 2d 1331, 1335 (Fla. Dist. Ct. App. 1987)).

The district court also did not abuse its discretion when it dismissed Jackson's claim for damages for emotional and physical stress allegedly caused by the officials' retaliation.  Jackson alleged that he suffered "anxiety [and] fear of physical harm" because the officials "restrained and confined [him] in solitary confinement . . . [and] expos[ed] [him] to an undue psychological screening and evaluation," but Jackson was barred from recovering damages for mental or

3

emotional injuries.  *See* 42 U.S.C. § 1997e(e); *Napier v. Preslicka*, 314 F.3d 528, 531–32 (11th Cir. 2002).  Jackson also alleged that the officials' retaliation caused him "sleepless nights" and that he "exhibit[ed] a hunger strike," but he did not allege that his health was affected or that he suffered in any way that would qualify as a physical injury under section 1997e(e).  *See Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312–13 (11th Cir. 2002) ("[T]o avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis.").

The district court erroneously failed to consider whether Jackson was entitled to nominal damages for his claim about being disciplined in retaliation for filing grievances.  Based on the liberal construction given *pro se* pleadings, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), the district court should have considered whether Jackson could recover nominal damages despite his failure to request that relief, *see* Fed. R. Civ. P. 54(c).  Nominal damages are not precluded by the Act, *Smith v. Allen*, 502 F.3d 1255, 1266 (11th Cir. 2007), *abrogated on other grounds*, *Sossamon v. Texas*, 564 U.S. ___, 131 S. Ct. 1651, 1657–60 (2011), and "are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove [an] actual injury sufficient to entitle him to compensatory damages," *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003).  Jackson alleged that officials disciplined him for filing

grievances by "search[ing] [his] person and locker," placing him in solitary confinement, and subjecting him to unnecessary psychological testing.  These allegations state a claim for retaliation in violation of the First Amendment, *see Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989) (citing U.S. Const. amend. I), for which Jackson could recover nominal damages, *see Pelphrey v. Cobb Cnty., Ga.*, 547 F.3d 1263, 1282 (11th Cir. 2008).  We remand for the district court to consider whether Jackson may be entitled to nominal damages for his complaint of retaliation.  *See Hughes*, 350 F.3d at 1162–63.

We **AFFIRM** in part the dismissal of Jackson's complaint and **VACATE** and **REMAND** in part for the district court to consider whether Jackson can recover nominal damages for his claim that he was disciplined in retaliation for filing grievances.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**