[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11761
Non-Argument Calendar

_____

D.C. Docket No. 3:14-cv-00310-MMH-JRK

JAMES ALEXANDER LOGAN,

Plaintiff-Appellant,

versus

EDWARD HALL,
Sgt.,
LARRY GREEN,
Officer,
BRADLEY MCKINNEY,
Officer,
KATHERINE BURDIN,
Nurse,
JOSHUA HODGES,
Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 20, 2015)

Before MARCUS, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

James Logan, a pro se Florida prisoner, appeals the dismissal of his complaint, brought under 42 U.S.C. § 1983, which alleged violations of his constitutional rights and sought criminal charges against the named defendants. On appeal, Logan argues that the district court: (1) erred in dismissing his complaint under the Prison Litigation Reform Act of 1995 ("PLRA"), because he stated a cognizable claim for retaliation in violation of the First Amendment; and (2) failed to recognize its statutory authority to impose criminal charges against the defendants. After careful review, we affirm in part and vacate and remand in part.

The PLRA provides, inter alia, that an in forma pauperis action shall be dismissed at any time if it (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). We review a district court's sua sponte dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) using the same standards that govern Fed.R.Civ.P. 12(b)(6) dismissals. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, we review the dismissal de novo and accept the facts alleged in the complaint as true. Id.

Pro se pleadings are held to a less demanding standard than counseled pleadings and should be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160

2

(11th Cir. 2003). This liberal construction, though, does not give a court license to rewrite an otherwise deficient pleading in order to sustain an action. GJR Invs., Inc. v. Cnty. of Escambia, Florida, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. 662 (2009). The factual allegations in the complaint must be enough to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. See Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). A plaintiff may recover damages in a § 1983 action for monetary loss, physical pain and suffering, mental and emotional distress, impairment of reputation, and personal humiliation. Slicker v. Jackson, 215 F.3d 1225, 1231 (11th Cir. 2000).

The PLRA provides, however, that a prisoner may not bring an action "for mental or emotional injury suffered while in custody without a prior showing of physical injury or commission of a sexual act." 42 U.S.C. § 1997e(e). Section 1997e(e) is an affirmative defense -- not a jurisdictional limitation -- and the district court may sua sponte dismiss a claim where the allegations show that this defense would bar recovery. Douglas v. Yates, 535 F.3d 1316, 1320-21 (11th Cir. 2008). We have held that more than a de minimis physical injury is needed to

3

satisfy the requirements of § 1997e(e).  Harris v. Garner, 190 F.3d 1279, 1286-87 (11th Cir.), vacated, 197 F.3d 1059 (11th Cir. 1999), reinstated in relevant part, 216 F.3d 970, 972, 985 (11th Cir. 2000) (en banc).  While the phrase "greater than de minimis" has not been clearly defined, we have held that the injury need not be significant.  Id. at 1286.  However, "routine discomfort is part of the penalty that criminal offenders pay for their offenses against society."  Id. (quotations omitted).

We have held that Harris and its progeny determined that § 1997e(e) foreclosed claims for both compensatory and punitive damages.  Al-Amin v. Smith, 637 F.3d 1192, 1197-98 (11th Cir. 2011).  Nominal damages, however, are not precluded by § 1997e(e).  Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007), abrogated on other grounds by Sossamon v. Texas, 563 U.S. ___, ___, 131 S.Ct. 1651, 1657 n.3 (2011).  Nominal damages are appropriate "if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages."  Hughes, 350 F.3d at 1162.  Specifically, a district court may award nominal damages to remedy a First Amendment violation.  Pelphrey v. Cobb County, Ga., 547 F.3d 1263, 1282 (11th Cir. 2008).

While a pro se plaintiff may not have requested nominal damages specifically in his complaint, in light of the liberal construction afforded pro se pleadings, a district court should consider whether such damages are recoverable

4

before dismissing a complaint.  See Hughes, 350 F.3d at 1162-63; see also Fed.R.Civ.P. 54(c) (stating that, except for default judgments, "[e]very other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleading").

We held that "First Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance concerning the conditions of his imprisonment." Yates, 535 F.3d at 1321 (quotation omitted).  To state a retaliation claim, a plaintiff must establish that (1) his speech or act was constitutionally protected; (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) there is a causal connection between the retaliatory actions and the adverse effect on speech. Id.  An inmate raises a First Amendment claim of retaliation if he shows that a prison official disciplined him for filing a grievance or lawsuit concerning the conditions of his imprisonment.  Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989).

Here, the district court correctly determined that Logan failed to allege a claim for compensatory or punitive damages.  Among other things, he did not allege physical injury, and his allegation that he was subjected to additional close management and disciplinary confinement could not satisfy the PLRA's physical injury requirement.  See 28 U.S.C. 1997e(e); Harris, 190 F.3d at 1286.  The district

5

court also correctly concluded that it was without authority to order an investigation to the criminal acts alleged in the complaint, since that responsibility is entrusted to the executive branch of the government and not the judiciary. See United States v. Smith, 231 F.3d 800, 807 (11th Cir. 2000) (noting that the decision as to which crimes and criminals to prosecute is entrusted by the Constitution to the executive branch).

However, construed liberally, the complaint sufficiently alleged a claim for retaliation in violation of Logan's First Amendment rights. Specifically, Logan alleged that, in retaliation for filing lawsuits and grievances, prison officials deliberately falsified reports, which resulted in him spending excessive time in disciplinary and close-management confinement and losing his yard privileges. These allegations state a First Amendment claim of retaliation, which warrants nominal damages if proven true. See Pelphrey, 547 F.3d at 1282; Wildberger, 869 F.2d at 1468. Thus, the district court erred in dismissing the complaint without considering whether, under the principle of liberal construction for pro se pleadings, Logan's complaint could be construed as requesting nominal damages. See Hughes, 350 F.3d at 1160, 1162-63.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**