[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16374
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cv-01878-AKK-TMP

ARTHUR BRENNAN MALLOY,

Plaintiff-Appellant,

versus

KENNETH N. PETERS,
ALABAMA DEPARTMENT OF CORRECTIONS,
CORIZON HEALTH, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(October 12, 2018)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and ANDERSON, Circuit
Judges.

PER CURIAM:

Arthur Malloy, proceeding pro se, appeals the district court's grant of summary judgment to Captain Kenneth Peters and Corizon Health, Inc., on his 42 U.S.C. § 1983 retaliation and deliberate indifference claims.

## I.

Malloy's appeal relates to two separate events.  The first involves Peters, a correctional officer employed by the Alabama Department of Corrections.  In August 2012 Malloy filed a lawsuit against Peters.  One of Malloy's claims alleges that, almost two years later, Peters took Malloy's gold dental bridge while searching his cell block.  In an affidavit supporting his motion for summary judgment Peters denied taking the dental bridge.  The second event involves Corizon, a private health contractor.  Because Malloy's teeth had decayed, he had five them extracted so that he could get partial dentures.  A Corizon dentist examined Malloy shortly after the extractions and told him that as a prisoner he was ineligible to receive partial dentures because his loss of teeth did not compromise his health or his ability to chew and eat.

Malloy brought a retaliation claim against Peters and a deliberate indifference claim against Corizon.  He claimed that Peters took his dental bridge in retaliation for the lawsuit he filed against Peters in 2012.  Malloy also claimed that Corizon was deliberately indifferent when it refused to provide him with partial dentures based on its cost and expenditure reduction policies.  Finding that

Malloy failed to provide any evidence that Peters took his dental bridge in retaliation for the 2012 lawsuit, the district court granted summary judgment to Peters on that claim.[1]  It also found that Malloy failed to show an objectively serious medical need for partial dentures and granted summary judgment to Corizon on that basis.  This is Malloy's appeal.

II.

We review de novo a district court's grant of summary judgment, drawing all reasonable inferences and reviewing all evidence in the light most favorable to the nonmovant.  See Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011).  "Summary judgment is appropriate only if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Id. (quotation marks omitted).  The burden is on the movant to show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).  Once the movant has met its burden, the nonmovant must "come forward with specific facts showing that there

---

[1] Malloy had also brought claims against the Department of Corrections, but the district court dismissed those claims because they sought only monetary relief.  See Edwards v.Wallace Cmty. Coll., 49 F.3d 1517, 1524 (11th Cir. 1995) (holding that a defendant seeking only monetary relief under § 1983 cannot recover against state agencies because they "are not 'persons' within the meaning of § 1983").  And it dismissed without prejudice his state law claims for conversion and dental malpractice after declining to exercise supplemental jurisdiction over them.  See 28 U.S.C. § 1367(c)(3).  Malloy failed to challenge those rulings on appeal so they are abandoned.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by pro se litigants liberally . . . issues not briefed on appeal by a pro se litigant are deemed abandoned.") (citations omitted).

is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986) (quotation marks and emphasis omitted).

A.

Malloy first contends that the district court erred by granting summary judgment on his retaliation claim. He argues that Peters' denial that he took the dental bridge does "nothing more than establish a 'swearing' contest between" the two of them that should be resolved by a jury trial.

"The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech," Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003), which includes the filing of lawsuits, Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989). To succeed on a retaliation claim, a prisoner must prove that: (1) his speech was constitutionally protected, (2) the defendant's retaliatory conduct adversely affected that speech, and (3) a causal connection existed "between the retaliatory actions and the adverse effect on speech." Moton, 631 F.3d at 1341. To prove causation, "the plaintiff must show that the defendant was subjectively motivated to discipline the plaintiff for exercising his First Amendment rights." Id. (quotation marks omitted).

Malloy has not carried his burden of identifying affirmative evidence that shows Peter's "pertinent motive." Crawford-El v. Britton, 523 U.S. 574, 600,

4

118 S. Ct. 1584, 1598 (1998).  He argues that Peters searched his cell block and took his dental bridge "without just cause" and in a "malicious and destructive manner."  But he has failed to show that Peters' motivation in doing so was to retaliate against him for filing the August 2012 lawsuit against Peters.  See Harris v. Ostrout, 65 F.3d 912, 916 (11th Cir. 1995) (affirming grant of summary judgment to the defendant where the plaintiff "produced nothing, beyond his own conclusory allegations, suggesting that" the defendant's purportedly retaliatory actions "were motivated by a retaliatory animus").  Even if Peters took his dental bridge, Malloy has not pointed to any facts showing that Peters did it in retaliation for Malloy filing the lawsuit almost two years earlier.  The district court did not err in granting summary judgment to Peters.

B.

Malloy also contends that the district court erred by granting summary judgment to Corizon on his deliberate indifference claim.  He argues that he "had evidence and witnesses that he was prepared to offer at trial."

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment."  Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976) (quotation marks and citation omitted).  To prove deliberate indifference, a prisoner must show that:  (1) he had a serious medical need, (2) the prison official

5

acted with deliberate indifference to that need, and (3) his injury was caused by the defendant's deliberate indifference. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow, 320 F.3d at 1243.

Malloy has not established that he had a serious medical need. Although he argues that he can offer evidence and witnesses to support his claim, he has not specified who and what that would be. While "the need for dental care combined with the effects of not receiving it" can give rise to a serious medical need, id. at 1243–44, Corizon's dentist testified without contradiction that Malloy's loss of teeth did not compromise his health or his ability to chew and eat. And Malloy's agreement to have his teeth extracted for the purpose of getting partial dentures does not establish a serious medical need. The district court did not err in granting summary judgment to Corizon.[2]

---

[2] Construed liberally, Malloy's brief also asserts that the court abused its discretion by limiting discovery and denying his request for additional discovery as to his deliberate indifference claim. Malloy argues that the limitation and denial deprived him of the right to present evidence and witnesses. We disagree. The court did not abuse its discretion in limiting discovery. The Federal Rules of Civil Procedure expressly allow for that. See Fed. R. Civ. P. 26(b)(2); see also Arthur v. Comm'r, Ala. Dep't of Corr., 840 F.3d 1268, 1304 (11th Cir. 2016) (holding that a "court abuses its discretion if it makes a clear error of judgment or applies an incorrect legal standard") (quotation marks omitted). And the court did not abuse its discretion in denying Malloy's discovery requests because the answers to the interrogatories that Malloy sought from Corizon — the names of the dentists and dental assistants who treated him — were

**AFFIRMED.**

---

either already available to Malloy in the special report that Corizon filed or irrelevant to his claim against Corizon.  See Arthur, 840 F.3d at 1304 (holding that "a district court's denial of additional discovery must result in substantial harm to a party's case in order to establish an abuse of discretion").

7